IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARK LACY, M.D.**, *et al.,*

    Plaintiffs,

v.                                             No. 1:22-cv-00953-MIS

**RAUL TORREZ**, *et al.,*

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Defendants Patrick M. Allen, in his official capacity as Secretary of the New Mexico Department of Health ("DOH") and the ten individuals named in their official capacities as members of the New Mexico Medical Board ("Medical Board Members") (collectively "these Defendants") hereby respond to Plaintiffs' Verified Complaint for Injunctive and Declaratory Relief filed December 14, 2022 [Doc. 1] (the "Complaint") and affirmatively defend as follows:

1. In response to the allegations made in Paragraph 1 of the Complaint, these Defendants state the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) and require no response. If the Court deems a response is required, these Defendants deny the statements.

2. In response to the allegations made in Paragraph 2 of the Complaint, these Defendants state the quoted document is the best evidence of what the document states and therefore speak for themselves.

3. The allegations made in Paragraphs 3 and 4 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

4. In response to the allegations made in Paragraph 5 of the Complaint, these Defendants admit that in 2021, the Elizabeth Whitefield End-of-Life Options Act, N.M.S.A. 24-7C-1, *et seq* ("the Act") was enacted. These Defendants deny the remaining allegations.

5. In response to the allegations made in Paragraph 6, 7, 8, and 9 of the Complaint, these Defendants state these are legal conclusions which therefore require no response and the Act is the best evidence of its content and therefore speaks for itself.

6.. These Defendants deny the allegations made in Paragraph 10 of the Complaint.

7. The allegations made in Paragraph 11 are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

8. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 12 and 13 of the Complaint, and therefore deny them.

9. These Defendants deny the allegations made in Paragraphs 14 and 15 of the Complaint.

10. The allegations made in Paragraphs 16 and 17 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

11. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 18 through 47 of the Complaint, and therefore deny them.

12. These Defendants deny the allegations made in Paragraphs 48 through 52 of the Complaint.

13. These Defendants admit the allegations made in Paragraph 53 of the Complaint.

14. The allegations made in Paragraphs 54 and 55 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

15. In response to the allegations made in Paragraphs 56 through 59 of the Complaint, these Defendants state the sentences are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) and require no response. If the Court deems a response is required, these Defendants deny the statements.

16. The allegations made in Paragraphs 60 through 64 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

17. In response to the allegations made in Paragraphs 65 through 75 of the Complaint, these Defendants state the referenced documents in Paragraphs 65 and 75 of the Complaint are the best evidence of what the documents say and therefore speak for themselves and state that the argument included in these paragraphs are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) and require no response. If the Court deems a response is required, these Defendants deny the arguments.

18. In response to the statements made in Paragraph 76 of the Complaint, these Defendants state these are not allegations properly pled in accordance with Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P.10(b) and require no response. If the Court deems a response is required, these Defendants deny the statements.

19. In response to the allegations made in Paragraphs 77 through 81 of the Complaint, these Defendants state these are legal conclusions which therefore require no response and the Act is the best evidence of its content and therefore speaks for itself.

20. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 82 and 83 of the Complaint, and therefore deny them.

21. The allegations made in Paragraph 84 of the Complaint are legal conclusions which require no response. If response is required, these Defendants deny the allegations.

22. These Defendants deny the allegations made in Paragraphs 85 through 90 of the Complaint.

23. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 91 of the Complaint, and therefore deny them.

24. These Defendants deny the allegations made in Paragraph 92 of the Complaint.

25. These Defendants state the referenced document and website link in Paragraph 93 of the Complaint are the best evidence of what that document says and what that website link contains and therefore speak for themselves.

26. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 94 of the Complaint, and therefore deny them.

27. These Defendants deny the allegations made in Paragraph 95 of the Complaint.

28. In response to the allegations made in Paragraphs 96 through 101 of the Complaint, these Defendants admit these Defendants have at all times relevant acted under color of state law These Defendants deny the allegations made in Paragraphs 96 through 101 of the Complaint.

29. In response to the allegations made in Paragraph 102 of the Complaint, these Defendants state that the responses to the foregoing numbered paragraphs are incorporated herein by reference.

30. The allegations made in Paragraph 103 of the Complaint are legal conclusions which require no response. If response is required, these Defendants deny the allegations.

31. These Defendants deny the allegations made in Paragraphs 104 through 115 of the Complaint.

32. In response to the allegations made in Paragraph 116 of the Complaint, these Defendants admit only that Plaintiffs are seeking a declaration, but deny that Plaintiffs are entitled to a declaration.

33. In response to the allegations made in Paragraph 117 of the Complaint, these Defendants state that the responses to the foregoing numbered paragraphs are incorporated herein by reference.

34. The allegations made in Paragraph 118 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

35. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 119 and 120 of the Complaint, and therefore deny them.

36. These Defendants deny the allegations made in Paragraphs 121 through 135 of the Complaint.

37. In response to the allegations made in Paragraph 136 of the Complaint, these Defendants admit only that Plaintiffs are seeking a declaration, but deny that Plaintiffs are entitled to a declaration.

38. In response to the allegations made in Paragraph 137 of the Complaint, these Defendants state that the responses to the foregoing numbered paragraphs are incorporated herein by reference.

39. The allegations made in Paragraph 138 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

40. These Defendants deny the allegations made in Paragraphs 139 through 143 of the Complaint.

41. These Defendants state the referenced document and website link in Paragraph 144 of the Complaint are the best evidence of what that document says and what that website link contains and therefore speak for themselves.

42. These Defendants deny the allegations made in Paragraph 145 of the Complaint.

43. These Defendants state the allegations made in Paragraph 146 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

44. These Defendants deny the allegations made in Paragraphs 147 through 149 of the Complaint.

45. In response to the allegations made in Paragraph 150 of the Complaint, these Defendants admit only that Plaintiffs are seeking a declaration, but deny that Plaintiffs are entitled to a declaration.

46. In response to the allegations made in Paragraph 151 of the Complaint, these Defendants state that the responses to the foregoing numbered paragraphs are incorporated herein by reference.

47. The allegations made in Paragraph 152 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

48. These Defendants deny the allegations made in Paragraphs 153 through 155 of the Complaint.

49. In response to the allegations made in Paragraph 156 of the Complaint, these Defendants state that the Act is the best evidence of its content and therefore speaks for itself.

50. These Defendants deny the allegations made in Paragraphs 157 through 161 of the Complaint.

51. In response to the allegations made in Paragraph 162 of the Complaint, these Defendants admit only that Plaintiffs are seeking a declaration, but deny that Plaintiffs are entitled to a declaration.

52. In response to the allegations made in Paragraph 163 of the Complaint, these Defendants state that the responses to the foregoing numbered paragraphs are incorporated herein by reference.

53. The allegations made in Paragraphs 164 and 165 of the Complaint are legal conclusions which therefore require no response. If response is required, these Defendants deny the allegations.

54. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraphs 166 through 170 of the Complaint, and therefore deny them.

55. These Defendants deny the allegations made in Paragraphs 171 through 173 of the Complaint.

56. In response to Plaintiffs' "Prayer for Relief," these Defendants state Plaintiffs are not entitled to the relief requested.

57. Any allegations in the Complaint not responded to are hereby specifically denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action alleged therein are barred to the extent that these Defendants' conduct was not the actual or proximate cause of any loss suffered by Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

All of the actions taken by these Defendants were in the exercise of good faith and these Defendants had reasonable grounds for believing their actions did not violate federal law.

## THIRD AFFIRMATIVE DEFENSE

Any alleged acts or omissions were made by these Defendants in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations or administrative practice or enforcement policies and these Defendants did not commit any violations of law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by equitable defenses, including but not limited to impossibility, estoppel, waiver and/or release.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to seek the relief demanded because Plaintiffs have not suffered a sufficient injury in fact from the conduct alleged in the Complaint and no actual case or controversy exists.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted against these Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

These Defendants are not proper parties to this litigation.

## EIGHTH AFFIRMATIVE DEFENSE

These Defendants have not promulgated or adopted policies and procedures or enforced the provisions of the Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs do not face imminent or irreparable harm.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs do not face a credible threat of enforcement from these Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

These Defendants took no adverse employment actions against Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Court does not have subject matter jurisdiction.

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants are not proper parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

These Defendants have not violated Plaintiffs' free speech rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

These Defendants have not discriminated against Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These Defendants have not violated Plaintiffs' rights to exercise their religious beliefs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

These Defendants have not violated Plaintiffs' due process rights.

### NINETEENTH AFFIRMATIVE DEFENSE

These Defendants have not violated Plaintiffs' right to equal protection.

### TWENTIETH AFFIRMATIVE DEFENSE

These Defendants have treated all similarly situated individuals the same as Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These Defendants have not violated Plaintiffs' right to expressive association.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

All of these Defendants' actions have been constitutional.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys' fees and costs under the facts of this case.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join one or more indispensable party.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

These Defendants, who are sued only in their official capacities, are immune from any claim for a monetary award, including but not limited to claims for attorneys' fees and costs under 42 U.S.C. § 1988, by sovereign immunity.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent that any of these Defendants have promulgated any regulation that is used, which is specifically denied, or could be used to enforce the terms of the Act, these Defendants are immunized by legislative immunity.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

These Defendants reserve the right to assert any additional affirmative defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this litigation.

WHEREFORE, having fully answered and affirmatively defended, these Defendants respectfully request that this Court dismiss the Complaint with prejudice, award these Defendants the attorney's fees and costs of this action and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

*Electronically Filed*
By  */s/ Patricia G. Williams*
         Patricia G. Williams
Attorneys for DOH and Medical Board Members
1803 Rio Grande Blvd., N.W. (87104)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400
pwilliams@wwwlaw.us

WE HEREBY CERTIFY that on the 10th day of March, 2023, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Patricia G. Williams*
Patricia G. Williams